IN THE UNITED STATES DISTRIC COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No. _____

BRANDON M. BLOOM, an individual,

    Plaintiff,

v.

TILCON, NEW YORK, INC.,
Serve:  Corporation Service Company
        80 State Street
        Albany, NY 12207

    Defendant.

## COMPLAINT

Plaintiff Brandon M. Bloom ("Mr. Bloom" or "Plaintiff", by and through counsel brings this action against Defendant Tilcon New York, Inc. ("Defendant" or "Tilcon") and hereby states and alleges as follows:

### INTRODUCTION

1. Mr. Bloom, a veteran of the United States Naval Reserves, and former Utility Operator for Defendant, brings this action against his former employer for (1) denying Mr. Bloom reemployment or retention in employment and (2) terminating Mr. Bloom's employment shortly after he returned from duty, in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C § 4301, *et seq*.

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331, as conferred by 28 U.S.C. § 4323(b)(3).

1

2. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the employment practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

4.


§ 1002.34.

5. Defendant either resides in the State of New York or transacts business in the State of New York.

**PARTIES**

6. Mr. Bloom is a veteran of the United States Naval Reserve. Mr. Bloom is a resident of the State of New York.

7. Defendant is a foreign corporation with its principal office located at 9 Entin Road, Parsippany, NJ 07054.

8. Defendant has no less than 11 offices, work areas, or worksites, located throughout the State of New York.

9. From in or around 2014 through September 22, 2021, Defendant continuously employed Mr. Bloom within the State of New York.

**FACTUAL ALLEGATIONS**

10. In or around 2014, Defendant hired Mr. Bloom as a Utility Operator where he was responsible with, *inter alia*, understanding and complying with Mining Safety and Health

Administration ("MSHA") regulations, inspecting, maintaining, and operating assigned equipment such as loaders, excavators, graders, secondary breakers, dozers, and auxiliary equipment, and performing preventative maintenance and mechanic duties as requested and/or assigned by Defendant's managerial staff.

11. In or around 2018, Mr. Bloom enlisted in the Naval Reserves and promptly informed Defendant of his decision to do so. Mr. Bloom further explained that his enlistment into the Naval Reserves brought with it certain obligations which would require periodic absences from work for training and deployments.

12. Upon information and belief, Defendant made assurances to Mr. Bloom that his obligations to the Naval Reserves would not be an issue and further claimed that Defendant supported Mr. Bloom's service to the United States.

13. During his time in the Naval Reserves, Mr. Bloom rose to the rank of Second Class Petty Officer, a non-commissioned officer ("NCO") responsible for supervising the four Naval ranks beneath him.

14. In early September 2021, Mr. Bloom reported for a mandatory weekend military drill training with his Naval Reserve unit.

15. On or about Sunday, September 12, 2021, while attending the military training referenced in paragraph 20, the Navy advised Mr. Bloom that this training was extended through Wednesday, September 15, 2021, in order for Mr. Bloom to (a) perform his duties as a Second Class Petty Officer and (b) complete his medical readiness evaluation for a potential deployment.

16. By text message, at 4:49 a.m. on Monday September 13, 2021, Mr. Bloom informed Tilcon Foreman Jeremy Vandermark that his military training had been extended

3

through September 15, 2021, and that he would miss work from September 13, 2021, through September 15, 2021.

17. On September 16, 2021, Mr. Bloom returned to work and provided Defendant with his military orders and other relevant documentation concerning the absence referenced in paragraphs 15-16.

18. Mr. Bloom also explained to Tilcon Foreman Chris Demayo that his annual military training was scheduled to begin on September 17, 2021. Although Mr. Bloom noted that funds for this training had not yet been approved, he explained to Mr. Demayo that funding approval was expected later that day.

19. Despite proving this absence was military related, on September 16, 2021, Tilcon's Plant Manager, Kevin Thrower, issued a suspension notice (the "Suspension Notice") to Mr. Bloom for an alleged failure to timely report his military duty status.

20. While issuing the Suspension Notice, Mr. Thrower yelled, berated, threatened Mr. Bloom with termination and accused Mr. Bloom of lying about his military orders.

21. While Mr. Thrower persisted in his unprofessional behavior, Mr. Bloom received a phone call from the Navy, one which required Mr. Bloom to answer. Mr. Bloom immediately informed Mr. Thrower of this need and took what was only a short phone call.

22. As soon as that phone call ended, Mr. Thrower accused Mr. Bloom of violating Defendant's cell phone policy. Yet, upon information and belief, Defendant's supervisors, including Mr. Thrower and Mr. Demayo, consistently utilized their employees' cellular devices to assign work and ask work-related questions.

23.　　To avoid escalating the tense situation with Mr. Thrower any further, Mr. Bloom apologized to Mr. Thrower for taking the phone call, signed the Suspension Notice, and left Mr. Thrower's office.

24.　　Mr. Bloom subsequently filed a grievance with Shop Steward Thomas Cramsy due to Mr. Thrower's behavior described in paragraphs 19-23.

25.　　Sometime following the end of Mr. Bloom's regularly scheduled work shift, on the night of September 16, 2021, Senior Chief Petty Officer Mora notified Mr. Bloom that funding for his annual training was approved, and Mr. Bloom was ordered for duty beginning on September 17, 2021. Mr. Bloom immediately informed Mr. Cramsy that he received military orders.

26.　　That same night, by phone, Defendant demanded that Mr. Bloom submit military orders for the training beginning on September 17, 2021. Mr. Bloom politely declined to provide such orders because they contained his sensitive personally identifiable information. Mr. Bloom further explained that First Class Petty Officer Straub would later provide the orders, but only upon endorsement and through a secure email.

27.　　From September 17, 2021, through September 28, 2021, Mr. Bloom attended his mandatory annual military training as ordered.

28.　　N.Y. Exec. Law § 296(a) prohibits employers from discharging or otherwise discriminating against past, current, and prospective service member employees in terms of compensation or in the terms, conditions, and/or privileges of employment. *See* N.Y. Exec. Law § 296(a).

29.　　USERRA § 4313(a) requires that an individual entitled to reemployment under the statute be promptly reemployed.  In fact, an employer must reemploy that individual as soon

as practicable, which, absent unusual circumstances, means within two weeks of the employee's application for reemployment. *See* 20 C.F.R. § 1002.181.

30. On September 29, 2021, Mr. Bloom returned to work following the completion of his annual military training. At or around 6:00 a.m., Mr. Bloom was approached by Mr. Thrower who, in front of Mr. Bloom's coworkers, ordered Mr. Bloom to report to Mr. Thrower's office.

31. Accompanied by Mr. Cramsy, Mr. Bloom proceeded to Mr. Thrower's office where Mr. Thrower issued a termination notice for Mr. Bloom's alleged "no show/no call" on September 22, 2021 (the "Termination Notice"), a date Mr. Bloom was away on military orders.

32. In response, Mr. Bloom explained to Mr. Thrower that (a) he had provided as much notice as practicable and (b) he had Naval orders proving his September 22, 2021 absence was military related to which Mr. Thrower replied that he did not care.

33. Mr. Bloom then asked if he was being terminated because of his military service. Mr. Thrower declined to respond.

34. Defendant never explained why it did not promptly reemploy Mr. Bloom, despite a clear obligation to do so under USERRA, nor did Defendant explain why it discriminated against Mr. Bloom because of his military service despite USERRA and New York Law forbidding such practice. Rather, Defendant terminated Mr. Bloom for "no show/no call" on a date he was away on military orders.

35. On September 29, 2021, Mr. Bloom was terminated from employment.

## CAUSES OF ACTION

### Count I: Failure to Reemploy Mr. Bloom in Violation of 38 U.S.C. § 4312(a)

36. Mr. Bloom incorporates by reference all preceding paragraphs as if fully set forth herein.

37. USERRA § 4302(b) provides that USERRA supersedes any state law, contract, agreement, policy, plan, practice, or any other matter that reduces, limits, or eliminates any right or benefit provided by USERRA. 38 U.S.C. § 4302(b).

38. Under USERRA § 4312(a), an individual whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits under USERRA if: (1) the person gave advance notice of such service to his employer; (2) the cumulative length of absence from employment by reason of service in uniformed service does not exceed five years; and (3) the person reports to his employer or submits an application for reemployment within 90 days of his return from service. 38 U.S.C. § 4312(a), (e).

39. At all relevant times, Plaintiff was a person in "service in the uniformed services" under USERRA. 30 U.S.C. § 4303(13).

40. At all relevant times, Defendant was an employer under USERRA. 38 U.S.C. § 4303(4)(A).

41. At all relevant times, Plaintiff was an employee under USERRA. 38 U.S.C. § 4603(3).

42. Mr. Bloom notified Defendant of his annual military training on September 16, 2021. Mr. Bloom's annual military training began on September 17, 2021 and ended on September 28, 2021.

43. Mr. Bloom's cumulative length of absence due to his military service was less than five years.

44. Following completion of his annual military training, on September 29, 2021, Mr. Bloom reported to Defendant for his regularly scheduled work shift.

45. Although Mr. Bloom met all the applicable preconditions for reemployment rights and benefits and other employment benefits under USERRA, Defendant denied him reemployment and instead chose to terminate Mr. Bloom's employment.

46. The foregoing unlawful actions by Defendant were willful and/or recklessly indifferent to the applicable provisions of USERRA.

47. As a result of Defendant's unlawful actions, Mr. Bloom has been damaged and seeks redress for all damages permitted under USERRA, including, but not limited to, his actual damages, reasonable attorney's fees, expert witness fees, and other litigation expenses.

**Count II:  Employment Practices in Violation of 38 U.S.C. § 4311, et seq.**

51. Mr. Bloom incorporates by reference all preceding paragraphs as if fully set forth herein.

48. USERRA § 4311(a) protects past, current, and prospective members of the uniformed service from adverse employment actions on the basis of that service. *See* 38 U.S.C. § 4311(a).  As such, employers are prohibited from denying past, current, and prospective service member employees' retention in employment, promotion, or any other benefit of employment by an employer on the basis of their service. *Id.*

49. At all relevant times, Plaintiff was a person in "service in the uniformed services" under USERRA. 30 U.S.C. § 4303(13).

50. At all relevant times, Defendant was an employer under USERRA. 38 U.S.C. § 4303(4)(A).

51. At all relevant times, Plaintiff was an employee under USERRA. 38 U.S.C. § 4603(3).

8

52. Defendant discriminated against Mr. Bloom because of his serving as a member of the United States Naval Reserves and for reporting to military training instead of work.

53. Immediately upon his return from an extended weekend military training, Defendant issued the Suspension Notice because Mr. Bloom had allegedly failed to timely report his military duty status.

54. Further, when Mr. Bloom returned from annual military training, Defendant terminated Mr. Bloom's employment for failing to report for work on a date Defendant knew Mr. Bloom was on military orders.

55. Accordingly, Defendant's actions are in violation of 38 U.S.C. § 4311.

56. The foregoing unlawful actions by Defendant were willful and/or recklessly indifferent to the applicable provisions of USERRA.

57. As a result of Defendant's unlawful actions, Mr. Bloom has been damaged and seeks redress for all damages permitted under USERRA, including, but not limited to, his actual damages, reasonable attorney's fees, expert witness fees, and other litigation expenses.

**Count III: Unlawful Employment Practices in Violation of N.Y. Exec. Law § 296(a)**

58. Mr. Bloom incorporates by reference all preceding paragraphs as if fully set forth herein.

59. N.Y. Exec. Law § 296(a) protects past, current, and prospective members of the uniformed service from adverse employment actions on the basis of that service. *See* N.Y. Exec. Law § 296. As such, employers are prohibited from discharging or otherwise discriminating against past, current, and prospective service member employees in compensation or in the terms, conditions, and/or privileges of employment. *Id.*

60. At all relevant times, Plaintiff was a member of the armed forces of the United States. N.Y. Exec. Law § 292 (28).

61. At all relevant times, Defendant was an employer under New York law. N.Y. Exec. Law § 292(5).

62. At all relevant times, Plaintiff was an employee under New York law. N.Y. Exec. Law. § 292(6).

63. Defendant discriminated against Mr. Bloom because of his serving as a member of the Naval Reserves and reporting for duty.

64. Following Mr. Bloom's return from weekend military training, Defendant issued the Suspension Notice, citing only Mr. Bloom's alleged failure to timely report military his military duty status.

65. Likewise, when Mr. Bloom returned from his annual military training, Defendant issued the Termination Notice, specifically cited Mr. Bloom's uniformed service, and discharged Mr. Bloom because of a "no show/no call" while Mr. Bloom was on military orders.

66. Accordingly, Defendant's actions are in violation of N.Y. Exec. Law § 296.

67. The foregoing unlawful actions by Defendant were willful and/or recklessly indifferent to the applicable provisions of N.Y. Exec. Law § 296.

68. As a result of Defendant's unlawful actions, Mr. Bloom has been damaged and seeks redress for all damages permitted under N.Y. Exec. Law § 296, including, but not limited to, his actual damages, reasonable attorney's fees, expert witness fees, and other litigation expenses.

## DAMAGES

69. Mr. Bloom's economic damages include lost wages due to Defendant's termination of Mr. Bloom's employment while he was fulfilling his military obligations, and interest on the total amount of lost income.

## **PRAYER FOR RELIEF**

Mr. Bloom respectfully requests that the Court enter judgment in his favor and against Defendant and:

A. Require that Defendant fully comply with the provisions of USERRA by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices under USERRA described herein;

B. As to the First, Second, and Third Cause of Action, fees and expenses, including attorneys' fees pursuant to 38 U.S.C. § 4323(h) and N.Y. Exec. Law § 296;

C. Award Plaintiff prejudgment interest on the amount of lost wages or employment benefits found due;

D. Order that Defendant pay compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendant's willful violations of USERRA;

E. Grant an award for costs of suit incurred;

F. Grant such other and further relief as may be just and proper and which Plaintiff may be entitled to under all applicable laws.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated:  November 26, 2025

                                                                        Respectfully Submitted,

                                                                        **BRANDON M. BLOOM**

Plaintiff, *by and through counsel*,

*/s/James Payne*
James Payne, Esq.
CENTRE LAW & CONSULTING
1750 Tysons Blvd., Suite 1650
Tysons, VA 22102
(334) 202 9452 ext. 104
jpayne@centrelawgroup.com
*Attorney for Plaintiff*